ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
DAVID ALBERTI (SBN 220625)
dalberti@feinday.com
**FEINBERG DAY ALBERTI & THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel:  650.618.4360
Fax:  650.618.4368

CABRACH J. CONNOR
Texas Bar No. 24036390 (*pro hac vice*)
cab@connorkudlaclee.com
JENNIFER TATUM LEE
Texas Bar No. 24046950 (*pro hac vice*)
jennifer@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone:  512.777.1254
Facsimile:  888.387.1134
*Attorneys for Plaintiff Blue Sky Networks, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUE SKY NETWORKS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>VERIFONE SYSTEMS, INC.,<br><br>        Defendant. | CASE NO. 4:17-cv-06567-YGR<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Blue Sky Networks, LLC ("Blue Sky") files this First Amended Complaint against VeriFone Systems, Inc. ("VeriFone") for infringement of U.S. Patent Nos. 6,865,372.

**PARTIES**

1.     Blue Sky Networks, LLC is a limited liability company organized under the laws of the State of Texas with its headquarters and principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2. Defendant VeriFone is a Delaware corporation with a principal place of business at 88 West Plumeria Drive San Jose, CA 95134.

3. VeriFone is registered to do business in California, has been served, and has appeared.

## JURISDICTION AND VENUE

4. Blue Sky brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. VeriFone is subject to personal jurisdiction of this Court based upon its regularly conducted business in California and in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b). VeriFone headquarters and principal executive offices are located in this judicial district, and VeriFone conducts business and has committed acts of infringement in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c), this case is subject to district-wide assignment because it is an Intellectual Property Action.

## THE BLUE SKY PATENTS-IN-SUIT

8. Blue Sky is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,865,372 (the "'372 Patent" or "Asserted Patent") infringed by VeriFone. A true and correct copy of the '372 Patent is attached as Exhibit A.

9. Blue Sky possesses all rights of recovery under the Asserted Patent.

10. Dan Mauney, Marc Sullivan, Charles Green, and Steve Harbin invented the claimed subject matter of the '372 Patent while working for SBC Technology Resources, Inc. in Austin, Texas.

11. SBC Technology Resources, later renamed SBC Laboratories in 2003, was the research and development arm of SBC Communications Inc., which acquired AT&T in 2005.

12. The '372 Patent, titled "Enhanced Wireless Handset, Including Direct Handset-to-Handset Communication Mode," was duly and legally issued by the United States Patent and Trademark Office after a full and complete examination.

13. The Patent Examiner found the allowed claims to recite patentable subject matter and

each respective application meeting all requirements for patentability.

14. The Asserted Patent is directed to wireless mobile devices such as handsets, peripherals, and computing devices that operate via wireless short-range direct communication with other wireless devices. Such devices may also be enabled for simultaneous operation on a wireless network (e.g., a cellular, PCS, or WiFi network) and wireless short-range direct communication with other wireless devices. Wireless devices within the scope of the claims include paging devices, handsets, peripherals, computing devices, and other objects enabled for direct handset-to-handset, handset-to-base station, or handset-to-peripheral communication.

15. To facilitate set-up, the Asserted Patent describes find features (e.g., that assist a device operator in determining what objects, including other wireless devices and users, are located within the wireless network's operating range), memory for maintaining a list of available devices for communicating via the short-range wireless network, and short-range messaging.

16. In operation, devices and objects described in the Asserted Patent scan for, find, register, and communicate with available devices and may present to a user a list from which the user may select devices to pair with a device to enable two-way communication via the short-range wireless network independent of a cellular or other wireless network.

17. The Asserted Patent further describes how embodying devices and systems including, for example, wireless smartphones, cordless phone base station, point-of-sale terminal, tablets, computers, and other communication devices may simultaneously communicate on short range wireless network(s) and a wide-area wireless network such as cellular or PCS systems, WiFi, or a satellite radio network.

**United States Patent No. 6,865,372**

18. The United States Patent and Trademark Office issued the '372 Patent on March 8, 2005, after a complete examination and upon finding the claimed subject matter novel and the application meeting all requirements for patentability.

19. The '372 Patent issued from a division of application No. 09/094,600 from which the '027 Patent issued.

20. The '372 Patent is valid and enforceable.

21.    A copy of the '372 Patent is attached at Exhibit A.

22.    As the owner of the Asserted Patent, Blue Sky Networks, LLC, holds all substantial rights in and under the '372 Patent including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

**VERIFONE**

23.    VeriFone designs, develops, manufactures, markets, and supplies a broad range of point of sale payment systems and services that enable electronic payments between consumers, merchants, and financial institutions.

24.    VeriFone makes, uses, sells, offers for sale, distributes, imports, licenses, and/or supports the Bluetooth-enabled VX-690 wireless point-of-sale terminal base station (shown below).



25.    VeriFone describes itself as "a leading global provider of technology that enables electronic payment transactions and value-added services at the point of sale." *See* http://ir.verifone.com/.

26.    Accused Devices include the VX-690 Base Station and any unlicensed Verifone handsets, point-of-sale terminals, base stations, communication hubs, and Bluetooth-enabled payment system devices that operate as described herein.  The VX-690 Base Statement communicates with Verifone POS terminals via Bluetooth short-range wireless communication.

27. VeriFone has enabled Accused Devices with different versions of the Bluetooth wireless technology standard. Verifone describes the VX-690 as operating using Bluetooth 4.0.

28. In an examplary infringing use, a VeriFone VX-690 Base Station establishes a Bluetooth connection with up to seven VeriFone-branded, Bluetooth-enabled terminal. In operation, the base station performs a paging, response, and pairing procedure that satisfies each and every element or step of the '372 Patent asserted claims.

29. The Base Station is an electronic device employing short-range Bluetooth wireless communication functionality to connect and communication with available objects within range.

30. In normal operation, the Base Station transmits a paging message and receives a page response message including information about available objects within range.

31. The Base Station generates a list of available devices that are detected to be within range.

32. Once the Accused Device connects to an object, the devices are "paired."

33. VeriFone instructs end users to use the devices' Bluetooth capabilities to infringe the asserted claims.

34. VeriFone touts the benefits of Bluetooth capable terminals: "The dynamic combination of high-speed 3G radio with powerful Wi-Fi and Bluetooth capabilities allows merchants to accept payments securely, extending their point of sale opportunities." *See* http://global-old.verifone.com/products/hardware/portables/vx-690/.

35. VeriFone further instructs its customers and potential customers regarding benefits of Bluetooth, for example: "The dynamic combination of Bluetooth chip, Wi-Fi and powerful 3G radio delivers fast, wireless payment convenience, fewer dropped transactions and flexible point-of-sale options." *See* http://global-old.verifone.com/products/hardware/portables/vx-690/.

36. VeriFone provides instructions to end users, for example as reproduced below in VeriFone's installation guide for the VX690:

> VX 690 uses the Bluetooth base station. Up to seven devices can be registered with the same communications device, but only one transaction may be undertaken at a time. Do not pair more than three terminals with the base station. When more than three terminals are required, additional base stations must be suitably positioned on site to obtain maximum radio coverage.

37. VeriFone encourages, aids, and directs end users of the Accused Devices to use and operate them, consistent with VeriFone's instructions, to perform the asserted method claims.

38. VeriFone is on notice of the infringing products, features, and how end users of the Accused Devices operate them to perform the claimed methods and use the claimed apparatuses.

39. In an Accused Device that operates using Bluetooth BR/EDR, the Accused Device enters the page sub-state to determine whether available devices are within range, and the Accused Device may transmit a train of page messages until a response is received from a potential target device.

40. An Accused Device in turn detects any response messages from available Bluetooth devices (e.g., a terminal). The Accused Device collects and stores information received within the inquiry response messages and uses that information to compile a list of discovered or available Bluetooth devices.

41. When a connectable device receives a page request on its page scan channel from a Base Station, it enters into a sequence of exchanges in a master response routine.

42. A link key is created and exchanged during the pairing process. Once an Accused Device is paired with a connectable device, higher level initialization procedures are invoked to update a stored list of paired devices.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,865,372**

43. Blue Sky incorporates by reference paragraphs 1-45 and re-alleges them as if stated here.

44. VeriFone infringes at least claims 1, 2, 5, 6, 7, 10, 11, 12, 15, 16, 17, and 20 of the '372 Patent.

45. VeriFone makes, uses, sells, offers for sale, and imports Accused Devices that embody

at least the listed asserted claims of the '372 Patent including representative claim 6.

46. Accused Devices communicate with peripherals using relevant short-range technologies including but not limited to Bluetooth BR/EDR.

47. In accordance with recitations of exemplary claim 6 of the 372 Patent, the VX-690 Base Station and any other Accused Devices are electronic devices intended to and capable of identifying proximally located objects within a proximity wireless coverage area.

48. The VX-690 Base Station includes a short-range wireless transmitter that in normal operation transmits a paging data packet as part of the connection process.

49. In normal operation, during the Bluetooth connection process, the VX-690 repeatedly transmits a paging message over different frequency channels determined by an inquiry hopping sequence.

50. Also during the connection process, after successfully transmitting the paging message, the VX-690 Base Station receives a page response message from a compatible terminal that contains information including the device access code.

51. According to Bluetooth protocols, a peripheral's response message may contain information including device address, clock, class of device, and device name for each respective peripheral.

52. The VX-690 Base Station receives the page response message and adds the terminal identifier to a dynamically generated list of detected objects within range.

53. The VX-690 Base Station may pair with up to seven terminals.

54. The VX-690 Base Station stores up to seven terminal identifiers corresponding to bonded terminals. Stored terminal identifiers are used for future authentication and pairing.

55. Terminal identifiers may include names and identifying numerical codes for detected (e.g., available or paired) objects. The list includes the first object identifier and the second object identifier (e.g., two device names) for cases in which inquiry packets are sent over two frequency channels to two separate peripherals, and the two peripherals send response data packets including corresponding object identifiers (e.g., a device name for each peripheral).

56. Through online technical support and publication of instructional information,

VeriFone encourages, aids, and directs end users of the accused VeriFone Bluetooth-enabled devices to use and operate them, consistent with VeriFone's instructions, to perform the asserted method claims.

57. VeriFone is on notice of the infringing products, features, and how end users of the accused devices operate them to perform the claimed methods and use the claimed apparatuses.

58. VeriFone's infringing conduct has damaged Blue Sky Networks.

59. VeriFone is liable to Blue Sky Networks in an amount that adequately compensates it for Defendants' infringement, which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE

60. Blue Sky has complied with the notice requirement of 35 U.S.C. § 287 and does not currently distribute, sell, offer for sale, or make products embodying the asserted patent.

## PRAYER FOR RELIEF

Blue Sky Networks prays for the following relief:

a) A judgment be entered that VeriFone has infringed one or more claims of the Asserted Patent;

b) A judgment be entered that the Asserted Patent is valid and enforceable;

c) Blue Sky Networks be awarded damages adequate to compensate for VeriFone's infringement up until the date such judgment is entered, including prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blue Sky for VeriFone's infringement, an accounting;

d) A judgment that Blue Sky Networks be awarded attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e) A judgment that Blue Sky Networks be awarded such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Blue Sky Networks demands trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a).

Dated: March 2, 2018                 Respectfully Submitted,

By */s/ Marc Belloli*
Marc Belloli

FEINBERG DAY ALBERTI & THOMPSON LLP
Marc Belloli
mbelloli@feinday.com
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
Telephone: 650 618-4360
Facsimile: 650 618-4368

CABRACH J. CONNOR
Texas Bar No. 24036390 (*pro hac vice*)
cab@connorkudlaclee.com
JENNIFER TATUM LEE
Texas Bar No. 24046950 (*pro hac vice*)
jennifer@connorkudlaclee.com
CONNOR KUDLAC LEE PLLC
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone:  512.777.1254
Facsimile:  888.387.1134

*Attorneys for Plaintiff*
Blue Sky Networks, LLC